**STATE of Missouri, Respondent,**

v.

**Gary M. INGRAM, Appellant.**

**No. 55556.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 15, 1990.

Steven E. Jordon, Mary J. Lake, Farmington, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Gary Ingram, appeals from a jury verdict finding him guilty of driving while intoxicated third offense. Appellant was sentenced to five years imprisonment. We affirm.

Appellant claims that he was prejudiced when the trial court allowed the State to endorse two witnesses on the day of the trial. The first witness was Officer Baker who had been called to assist the arresting officer. The second witness was Curtis Davis, the jailer on duty when appellant was taken into custody. Appellant claims that he was totally surprised by the calling of these witnesses and that he had no time to prepare for cross-examination. We disagree.

On April 25, 1987, Officer Bowyer noticed a green 1980 Oldsmobile driving approximately 20 to 25 miles per hour in a 40 mile per hour zone. Officer Bowyer also noticed that the driver, the appellant, was slumped behind the steering wheel. Officer Bowyer followed the vehicle and observed the appellant leave the road several times. The appellant then pulled over to the side of the road and Officer Bowyer pulled in behind him and activated his red lights. Upon approaching the appellant, Officer Bowyer noticed that the appellant's eyelids were droopy and that his eyes were bloodshot. Officer Bowyer also saw several beer cans in appellant's car. Upon questioning the appellant, Officer Bowyer detected a "moderate to strong" smell of alcohol. Officer Bowyer also testified that appellant's speech was slurred. After appellant failed several sobriety tests, appellant was placed under arrest.

Officer Baker, who assisted Officer Bowyer, also noticed beer cans in appellant's car and it was his opinion that appellant was extremely intoxicated. Curtis Davis, the jailer, observed that appellant exhibited slurred speech and his breath smelled of alcohol. It was also his opinion that appellant was intoxicated. Baker and Davis did not present any material facts which were not also offered through Bowyer.

■ Failure of the prosecution to endorse witnesses is reversible error only when a trial court has abused its discretion in allowing the testimony. *State v. White*, 738 S.W.2d 590, 592 (Mo.App., E.D.1987). Allowing such testimony following failure to disclose is only an abuse of discretion when it causes fundamental unfairness. *Id.* Fundamental unfairness is measured by whether the violation of discovery rules would have affected the result of the trial. *Id.*

In the case at hand, prior to trial, appellant made a request for disclosure of witnesses. The State, in its answer to this request, disclosed the identities of the two individuals in question.

■ In the exercise of the court's discretion the court may consider whether the appellant waived the objection. *State v. Stokes*, 638 S.W.2d 715, 719 (Mo. banc 1982). The record indicates that appellant waived his objection. When appellant was asked by the court whether there was any objection, appellant only objected to not having any written reports of either Baker or Davis. Appellant never made a specific objection about the witnesses being endorsed right before trial. However, even if there would have been a specific objection, since Baker's and Davis' testimony is merely cumulative to that presented by Officer Bowyer, the appellant would not have been prejudiced.

The court may also consider whether in fact defendant was surprised and suffered

any disadvantage. *Stokes,* 638 S.W.2d at 719. In the case at hand, the appellant claims that he was surprised when the State wanted to endorse the two witnesses on the day of the trial. This cannot be so. The State disclosed the identities of the two witnesses several months prior to trial. The appellant had plenty of warning as to whether or not Baker or Davis could have been called.

Further, the court may consider whether the type of testimony might readily have been anticipated. *Id.* The type of testimony provided by Baker and Davis could have been readily anticipated. Baker and Davis merely provided corroborative testimony to that of the arresting officer. Since the State had listed the two additional men in its answer to appellant's request for disclosure, the appellant could have readily anticipated the type of testimony the additional witnesses provided.

As we find that the appellant was not prejudiced by the endorsement of Officer Baker and Curtis Davis, we affirm the ruling of the trial court.

REINHARD and CRIST, JJ., concur.